UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TALIB ALSAIFULLAH,

                Petitioner,

    -against-                                  9:14-CV-1309 (LEK/CFH)

SUPERINTENDENT LECLAIR,

                Respondent.

## DECISION and ORDER

In October 2014, Petitioner Talib Alsaifullah ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges a Tier III prison disciplinary hearing. Dkt. No. 1 ("Petition"). On February 11, 2015, the New York State Attorney General, acting on behalf of Respondent LeClair ("Respondent"), filed an Answer to the Petition, a Memorandum of law, and state court records. Dkt. Nos. 9 ("Answer"); 9-1 ("Memorandum"); 10 ("State Court Records"). On February 23, 2015, Petitioner filed a Traverse. Dkt. No. 14 ("Traverse").

On March 4, 2015, Petitioner filed a Motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. No. 17 ("Motion"). He asserts that upon his review of Respondent's papers, there are "no material facts in dispute to warrant a trial in this matter," and appears to reiterate many of the arguments made in his Petition and Traverse. See id. at 1, 2-8. Respondent opposes the Motion and asks the Court to strike or summarily deny it. Dkt. No. 18 ("Response"). Petitioner filed a Reply. Dkt. No. 19 ("Reply").

The purpose of federal habeas corpus petitions brought pursuant to 28 U.S.C. § 2254 is to test the constitutionality of confinement after either a state court conviction or a decision relating to

parole or good time.  Summary judgment motions are rarely appropriate in the context of habeas corpus actions, which are subject to specific rules.  See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); see also Whitaker v. Meachum, 123 F.3d 714, 716 n.2 (2d Cir. 1997) (noting that summary judgment motions may be heard in habeas actions to the extent the motions are consistent with the Habeas Rules).  Those rules contemplate a petition and answer, together with supporting documentation from the respondent and reply papers from the petitioner, if the reply is authorized by the court.  Habeas Rules 2, 5.  The rules do not contemplate motions for summary judgment, which would require the Court to resolve ambiguities and draw reasonable inferences in favor of the nonmoving party—in this case, against Petitioner.  Corines v. Warden, Otisville Fed. Corr. Inst., No. 05-CV-2056, 2008 WL 4862732, at *2 (E.D.N.Y. Jun. 10, 2008) ("[A] summary judgment motion is appropriately brought in a habeas case only where the motion would avoid the need for a full review of the trial record, such as when there is a question of jurisdiction."); Mills v. Poole, No. 06-CV-0842, 2008 WL 141729, at *5 (W.D.N.Y. Jan. 14, 2008) ("Mills' motions for summary judgment in this habeas proceeding are arguably inappropriate under the Rules Governing § 2254 Habeas Cases which apply to all habeas petitions filed in this district[.]").

     In any event, even assuming a motion for summary judgment were proper, Petitioner has not met his burden, "as the moving party, of alleging sufficient legal grounds and showing uncontested facts upon which summary judgment may be granted[.]"  Mills, 2008 WL 141729, at *5.  Petitioner's "subjective beliefs as to the merits of his claims and his conclusory assertions regarding the absence of a genuine issue of material fact are not sufficient to demonstrate entitlement to summary judgment in his favor."  Id.  Petitioner's Motion for summary judgment is therefore denied

with prejudice. See Mitchell v. Goord, No. 03-CV-0019, 2005 WL 701096, at *1-2 (N.D.N.Y. Mar. 21, 2005).

In his cover letter, and in another Letter dated March 13, 2015, Petitioner asks the Court to send him copies of his Motion, his Traverse, and an updated docket sheet. Dkt. No. 17-2 ("Letter"); Dkt. No. 20 ("Letter Motion"). The Clerk is directed to send Petitioner an updated docket sheet, but his request for copies of other documents is denied without prejudice. Petitioner was advised in the Court's Text Order dated November 12, 2014, that "should he request copies in the future, he will be required to pay fifty cents ($.50) per page." Dkt. No. 6. If Petitioner wants copies of any of his papers, he is required to pre-pay the Court's copy fee of fifty cents ($.50) per page. The Clerk is directed to provide Petitioner with a copy of the docket sheet listing the number of pages of his summary judgment Motion and accompanying papers, and a blank "Photocopy Request Form - U.S. District Court, NDNY" form. Petitioner may complete the form, indicating the document he wants copied, and return it to the Court with a check or money order made payable to "Clerk, U.S. District Court."

Finally, the parties are advised that briefing in this case is closed. A decision on the Petition will issue in due course. No further submissions will be accepted for filing without prior permission from the Court. Submissions sent to the Court without permission will be stricken from the Docket.

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Motion (Dkt. No. 17) for summary judgment is **DENIED with prejudice**; and it is further

**ORDERED**, that Respondent's Letter Motion (Dkt. No. 18) to strike Petitioner's Motion (Dkt. No. 17) for summary judgment is **DENIED as moot**; and it is further

**ORDERED**, that Petitioner's requests (Dkt. Nos. 17-2; 20) for copies of his summary judgment Motion (Dkt. No. 17) and Traverse (Dkt. No. 14) are **DENIED without prejudice**. The Clerk is directed to send Petitioner an updated docket sheet containing a notation of the number of pages of his summary judgment Motion and accompanying papers, and a blank "Photocopy Request Form - U.S. District Court, NDNY" form. Petitioner may complete the form, indicating the document he wants copied, and return it to the Court with a check or money order made payable to "Clerk, U.S. District Court;" and it is further

**ORDERED**, that briefing in this case is closed. No further submissions will be accepted for filing without prior permission from the Court. Submissions sent to the Court without permission will be stricken from the Docket; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 26, 2015
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge